IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DONTA VAUGHN | * | |
| Plaintiff | * | |
| v | * | Civil Action No. ELH-14-2476 |
| DETECTIVE RAY BENNETT, et al. | * | |
| Defendants | * | |
| | *** | |

## MEMORANDUM

Pending is plaintiff's motion to dismiss (ECF 15), filed after defendants' motions to dismiss (ECF 11 and 13).[1] Plaintiff indicates that he has received the relief he sought in the complaint, return of his property. ECF 15.

The complaint alleged that documents were taken from plaintiff's cell on November 29, 2013, when Detective Ray Bennett executed a search warrant of the cell at the Maryland Reception Diagnostic Classification Center (MRDCC) in connection with an investigation of another inmate, Michael Johnson. ECF 1 at p. 1. In the process of the search, plaintiff states Bennett confiscated approximately 200 pages of an original draft of a book plaintiff is in the process of writing and, upon publication, will garner approximately three million dollars in profit. *Id*. at p. 2. Plaintiff asserted that despite his many written requests for the return of his property, he had not received at the time he filed the instant complaint. *Id*. at pp. 4 – 5.

Defendant Bennett asserts in an affidavit that the written material referenced in the complaint was sent to plaintiff on September 11, 2014. ECF 11 at Ex. 1; ECF 13 at Ex. B and C.

---

[1] The motion to dismiss filed on behalf of the State of Maryland and Assistant State's Attorney Tonya LaPolla seeks dismissal of the claims based on Eleventh Amendment immunity and lack of jurisdiction. ECF 11. Defendant Detective Bennett seeks dismissal of the complaint as moot.

To the extent plaintiff sought monetary damages, his request for damages was contingent upon the failure to return his property. ECF 1 at p. 4. Plaintiff concedes that he has received his property, is satisfied with the relief provided, and seeks dismissal of the complaint. ECF 15.

Article III of the Constitution limits the judicial power to "actual, ongoing cases or controversies." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477(1990) (citations omitted). A case becomes moot when the issues presented are "no longer 'live' or the parties lack a legally cognizable interest in the outcome." *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287(2000) (quoting *County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979)). For a declaratory judgment to issue, there must be a dispute which "calls, not for an advisory opinion upon a hypothetical basis, but for an adjudication of present right upon established facts." *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 242, (1937). *See also Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941). Where injunctive or declaratory relief is requested in an inmate's complaint, it is possible for events occurring subsequent to the filing of the complaint to render the matter moot. *See Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir.1991) (transfer of prisoner moots his Eighth Amendment claims for injunctive and declaratory relief); *see also Slade v. Hampton Roads Regional Jail*, 407 F.3d 243, 248–49 (4th Cir. 2005) (pre-trial detainee's release moots his claim for injunctive relief); *Magee v. Waters*, 810 F.2d 451, 452 (4th Cir.1987) (holding that the transfer of a prisoner rendered moot his claim for injunctive relief). Section 1983 actions seeking injunctive and/or declaratory relief have been declared moot when the practices, procedures, or regulations challenged were no longer in use. *See, e. g., Tawwab v. Metz*, 554 F.2d 22 (2d Cir. 1977); *Bradley v. Judges of Superior Court*, 531 F.2d 413 (9th Cir. 1976); *Shimabuku v. Britton*, 503 F.2d 38 (10th Cir. 1974); *Locke v. Board of Public Instruction*,

499 F.2d 359 (5th Cir. 1974); *Wilkinson v. Skinner*, 462 F.2d 670 (2d Cir. 1972*); Uzzell v. Friday*, 401 F.Supp. 775 (M.D.N.C.1975),  aff'd in pertinent part, 547 F.2d 801 (4th Cir. 1977); *Rappaport v. Little League Baseball, Inc*., 65 F.R.D. 545 (D.Del.1975).

    In view of the foregoing, the motions will be granted and the case will be dismissed.  A separate Order follows.


Date:  October 7, 2014                              _____/s/_____
                                                          Ellen L. Hollander
                                                          United States District Judge